PATRICK J. LUCEY, Governor of Wisconsin
You request my opinion on a number of questions concerning the effect of the Federal Election Campaign Act of 1971, Pub.L.92-225, on the Wisconsin statutes regulating campaign spending in Wisconsin.
Your initial written inquiry, which was followed with a more detailed verbal request, is prompted by the fact that both the recent federal enactment and the present Wisconsin statutes regulate and limit the amount of campaign expenditures in certain federal elections and require the filing of certain reports, reflecting campaign contributions and expenses, in such elections. Since both enactments delay with the same general subject matter, but in different terms, there are naturally instances where state law is at variance with the federal law.
You first inquire whether the monetary limitations on campaign expenditures, as set forth in the new Federal Act, conflict with similar limitations in the Wisconsin statutes. If it is determined that they do conflict, you wish to be advised as to which limitation applies, the state or the federal.
It is difficult to determine the extent to which the provisions of state law are intended to be superseded by federal legislation, in the absence of some type of legislative guidance. Congress appears to have anticipated the possibility of such conflicts in this instance, since sec. 403 of the Federal Act details the specific effect the new federal law is to have on state law. This provision reads as follows:
"SEC. 403. (a) Nothing in this Act shall be deemed to invalidate or make inapplicable any provision of any State law, except where compliance with such provision of law would result in a violation of a provision of this Act. *Page 278 
"(b) Notwithstanding subsection (a), no provision of State law shall be construed to prohibit any person from taking any action authorized by this Act or from making any expenditure (as such term is defined in section 301 (f) of this Act) which he could lawfully make under this Act."
Unfortunately, subsecs. (a) and (b) of this provision constitute two essentially different approaches to the question of the relation of the Federal Act to state law. They were, in fact, lifted from two separate legislative proposals and joined in this one section, as a result of a House and Senate conference committee report to Congress.
Prior to this new federal legislation, federal law imposed a ceiling on over-all campaign spending only in respect to general election campaigns. These limitations — including the $25,000 limitation in respect to Senators and the $5,000 limitation in respect to Representatives — were repealed by this Act. It could be argued that this means that campaign expenditures for these offices may no longer be controlled or limited at all by state law. However, if this had been the intent of Congress, such intent could have been, and presumably would have been, more clearly and simply stated.
It will be noted that, under the provisions of this section, the provisions of the Federal Act supersede the state law dealing with "corrupt practices" which are in conflict with it. Section 403 clearly renders ineffectual all provisions of state law which either authorize any action or expenditure specifically prohibited by the Federal Act or prohibit any action or expenditure specifically authorized by the Federal Act.
Therefore, in order to fully respond to this question, it is necessary for me to briefly describe the monetary limitations on campaign expenditures set forth in both the federal and the state law.
The Wisconsin Corrupt Practices Act, ch. 12, Stats., contains a number of provisions designed to eliminate fraud and deception and maintain an element of fairness in the electoral process. Among these various provisions are statutes which require a public accounting of contributions and expenditures made for *Page 279 
political purposes and limit the amount of disbursements that may be made "by or on behalf of any candidate for any office under the Constitution or laws of this state. . . ."
Chapter 12, Stats., does not apply to candidates seeking the office of President and Vice President of the United States. Sec.12.01 (2), Stats. However, the election of presidential electors is regulated by this state law. Sec. 12.20 (1) (g), Stats; 13 OAG 507 (1924). Although the chapter also applies to candidates for selection as delegates to party national conventions, there is no statutory limitation on the amount which may be spent by or on behalf of such candidates. 1912 OAG 375; 13 OAG 101 (1924).
The specific monetary and other limitations described in secs. 12.06 (2), 12.20 and 12.21 (2), Stats., appear most applicable to the present discussion. Section 12.06 (2), Stats., places limitations on expenditures by candidates for election to the United States Senate after the primary. Section 12.21 (1) Stats., allows the state central committee of a political party to make disbursements, in addition to those specifically authorized by individual candidates, up to a maximum of $10,000, in connection with a general election. Section 12.20 Stats., establishes the specific dollar limitations on campaign expenditures for each office. The limitations apply separately for each primary and general election. In addition to the equivalent of one-fourth page of advertising and the expense of one mailing to the voters of his district, the statute specifically limits the total disbursements which may be made by a candidate, by his personal campaign committee or by a party committee in his behalf. The statutory limitation applicable to a United States Senator is $10,000; for a representative in Congress — $2,500; for a presidential elector at large — $1,000, and for a presidential elector for any congressional district — $300. The disbursement of these monies is further restricted to the certain specific purposes set forth in secs. 12.06 and 12.07, Stats. The so-called "voluntary" organizations or committees, which collect and disburse funds in support of the candidacy of a particular individual and operate under the provisions of sec.12.09 (5), Stats., are not bound by any statutory limitation as to the amount they can spend to promote the election of a candidate and are not required to limit the nature of their expenditures. *Page 280 
See State ex rel. LaFollette v. Kohler (1930), 200 Wis. 518,564, 568, 228 N.W. 895; 69 A.L.R. 348 and secs. 12.06 and 12.07, Stats. Note, however, that, where committees are not truly independent, because they are formed with the expressed or implied authority of the candidate, any disbursements by such committees are considered to have been made by the candidate.State ex rel. LaFollette, supra, p. 564.
The two principal limitations on campaign spending set forth in the Federal Election Campaign Act of 1971 appear in Titles I and II of the Act. Title I, also known as the Campaign Communications Reform Act, establishes limitations on the expenditures which may be made on behalf of the candidacy of legally qualified candidates for federal elective office, for the use of communications media. The "Federal elective office" referred to in Title I, refers to the office of President, Vice President, Senator and Representative. Since Wisconsin law does not apply to campaign expenditures for candidates for President and Vice President, only the relation between the federal law and the law of our state, in reference to the office of Senator or Representative, will be considered in reference to this and your subsequent questions.
Under the provisions of Title I, no candidate for the office of Senator or Representative, at any primary, primary run-off, general or special election, may spend more than 10 cents times the voting age population of his state or congressional district, or $50,000, whichever is greater, for the use of communications media. No more than 60 percent of this amount may be for the use of broadcast stations, and all amounts spent on his behalf for the use of the communications media are deemed spent by the candidate and charged against his expenditure limitation, whether or not authorized by him. However, in most instances, no charge may be made by the communications media unless the expenditure is authorized in writing by the candidate or some other person on his behalf.
The term "communications media," is defined by sec. 102 (1) of the Federal Act, as follows: *Page 281 
"The term `communications media' means broadcasting stations, newspapers, magazines, outdoor advertising facilities, and telephones; but, with respect to telephones, spending or an expenditure shall be deemed to be spending or an expenditure for the use of communications media only if such spending or expenditure is for the costs of telephones, paid telephonists, and automatic telephone equipment, used by a candidate for Federal elective office to communicate with potential voters (excluding any costs of telephones incurred by a volunteer for use of telephones by him)."
Title II of the Act consists of various amendments to the Federal Criminal Code. Section 203 amends the Code so as to prohibit a candidate for the office of United States Senator from making expenditures in excess of $35,000, from his personal funds or the personal funds of his immediate family, in connection with his campaign for nomination or election. Neither the candidate nor a political committee (defined as an individual, committee, association, or organization which accepts contributions or makes expenditures during a calendar year in an aggregate amount exceeding $1,000) may knowingly accept any contribution or authorize any expenditure which would violate such restriction. The same limitation, as applied to a candidate for the office of Representative, allows expenditures up to $25,000.
The Conference Report of the Senate (No. 92-590) and House (No. 92-761) on the bill which ultimately became Public Law 92-225, appears to indicate that the limitations on expenditures for the use of communications media, as set forth in the Campaign Communications Reform Act (Title I of the Federal Election Campaign Act of 1971), and the limitations on expenditures by candidates from their personal funds, or the personal funds of their immediate families, as set forth in sec. 203 of the Act (18 U.S.C. sec. 608), are intended to be interpreted with state law dealing with the same general subject matter in such a manner as to preserve the law of both jurisdictions, if possible.
However, in my opinion, in light of the federal enactment, any application of the state campaign limitations to expenditures for communications media or from the personal funds of a candidate, or his immediate family, would tend to prohibit the full exercise of these congressional authorizations, contrary to the provisions of *Page 282 
sec. 403 (b) of the Federal Act, above quoted. Furthermore, although the limitations on campaign expenditures set forth in the present Wisconsin statutes might now be read to apply only to expenditures other than those for communications media or from the personal funds of a candidate or his immediate family, so as to preserve the monetary limitations presently set forth in the Wisconsin statutes, such an interpretation would probably be rejected by the courts as too strained.
It is, therefore, my opinion that the Federal Election Campaign Act of 1971 probably invalidates secs. 12.06 (2) and 12.20 (1) (a) and (b), Stats.
Your second question asks whether the state of Wisconsin could enact new monetary limitations on over-all or total campaign expenditures in addition to the limitations imposed by the Federal Election Campaign Act of 1971.
The answer to this question, like the answer to your first question, depends on the proper interpretation to be given to sec. 403 of the Federal Act, previously quoted. As I view this section, it does not prohibit a state from placing over-all campaign spending limitations on races for United States Senator or Representative, if such limitations do not prohibit any of the various expenditures which a person can lawfully make under the Federal Act. In other words, by establishing maximums for certaintypes of expenditures, I feel that Congress intended to insure that expenditures of these types would be allowed up to the maximums established, any state law to the contrary notwithstanding. However, Congress has not clearly indicated that it intended its legislation to preclude the enactment of state laws which were consistent with such maximums, but which imposed maximums on over-all campaign expenditures.
Finally, you inquire whether the provisions of Title III of the Federal Election Campaign Act of 1971, which require certain statements of organization by political committees and certain reports disclosing the contributions to and expenditures by candidates for election to federal office, and by political committees and others supporting such candidates, would be sufficient for the purposes of complying with the somewhat similar provisions of ch. 12, Stats. *Page 283 
A comparison of the various provisions of Title III of the Federal Act and the requirements of Wisconsin law concerning the reporting of receipts and disbursements by candidates and committees, principally set forth in sec. 12.09, Stats., discloses dissimilarities between the two laws as to what events require the making of such reports, what information the reportings are required to contain, and the time at which the required reportings are to be filed. In some of these respects, the federal law is more demanding than the state law. In other respects, the federal law is less demanding. In any event, it is apparent that the differences between the two laws are sufficient to require a negative answer to your question.
The foregoing discussion makes it evident that the Federal Election Campaign Act of 1971 may cause some confusion concerning campaign expenditure regulations in Wisconsin. Inasmuch as you suggest the possibility of legislation to bring Wisconsin's regulation of these matters more in line with the federal provisions, I wish to draw your attention to the fact that a serious reconsideration of all the provisions of the Wisconsin corrupt practices law is long overdue.
RWW:JCM